## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JERRY ANTHONY CADET,

*Plaintiff,*

v.

JANINE QUIGLEY, *et al.*

*Defendants.*

CIVIL ACTION
NO. 16-02830

**PAPPERT, J.**                                                      **February 16, 2017**

### MEMORANDUM

Plaintiff Jerry Cadet, a *pro se* inmate at Berks County Jail, sued Warden Janine Quigley,

Deputy Warden Russell, Kitchen Supervisor Tassone, Captain Torres, Christian Leinbach, Kevin

Barnhardt, Mark Scott, Sandy Graffius (collectively "Correctional Defendants"), PrimeCare

Medical and Physician Assistant Jesse Kivsah (collectively "Medical Defendants"), alleging that

he is unable to maintain an adequate diet because every Thursday the prison serves ham that

makes him sick.  Such allegations implicate Cadet's rights under the Eighth Amendment to the

United States Constitution.  Defendants filed a motion to dismiss, which the Court grants, for

failure to state a claim.

### I.

Cadet does not like the jail's "Thursday ham slice" which, as the title implies, is

apparently served for dinner each Thursday.  (Pl.'s Compl., at 3, ECF No. 5.)  He contends that

the ham is unsafe to eat and that on several occasions he vomited after dining on it.  (*Id.*)  He

claims that his throat burned, he felt dizzy and his stomach "continue[d] to hurt for several

hours[,] sometimes a few days making [him] unable to eat anything."  (*Id.*)  He alleges that he

told the correctional officers every time this occurred and on one occasion was sent to medical,

where he was told that they could not do anything about it.  (*Id.*)  He also contends that despite

asking for an alternative meal on several occasions, his requests were denied all but once.  (*Id.* at

5.)  He has submitted numerous grievances describing the ham's deficient characteristics and

qualities as well as the physical symptoms he experienced after eating it.  *See* (*id.* at 9–17).  In

one of his grievances, he wrote "I'm not eating the amount I should be eating because of this

issue."  (*Id.* at 14.)  The prison, however, continued to serve the ham.  As of the May 28, 2016

signing of his complaint, he stated that he had been dealing with this dilemma for eleven weeks.[1]

Cadet filed his complaint on July 11, 2016, asserting claims against PrimeCare Medical,

Kivsah, Quigley, Torres, Russell, Tassone and the owners of Berks County Jail.  (ECF No. 5.)

On July 20 Cadet wrote a letter to the Clerk of the Court naming Leinbach, Barnhardt, Scott and

Graffius as the jail's purported owners.[2]  (ECF No. 9.)  These individuals were substituted as

defendants in the case on July 28.  (ECF No. 8.)  On September 8 the Correctional Defendants

filed their motion to dismiss.  (ECF No. 24.)  The next day the Medical Defendants filed their

motion.  (ECF No. 25.)  After receiving copies of the motions, Cadet wrote to the Court on

October 12 stating that it was his understanding that his case had been dismissed and requesting

to be reimbursed for the filing fee.  (ECF No. 26.)  On October 21 the Court issued an order

clarifying that Cadet's case had not been dismissed and directing Cadet to file a response to the

motions by November 21.  (ECF No. 27.)

To date, Cadet has not responded nor requested an extension of time in which to do so.

The Court will nevertheless analyze the motion on the merits.  *See Jones v. Unemployment

Comp. Bd. of Review*, 381 F. App'x 187, 189 (3d Cir. 2010) (holding that a motion to dismiss

---

[1]	The Court does not know if Cadet remains incarcerated.

[2]	In their motion papers, the Defendants clarify that Leinbach, Barnhardt and Scott are Berks County Commissioners, while Graffius is the County Controller.  (ECF No. 24, at 2.)

under Rule 12(b)(6) should not be granted without an analysis of the merits, notwithstanding local rules regarding unopposed motions, especially where the party is not represented); *Ray v. Reed*, 240 F. App'x 455, 456 (3d Cir. 2007) (same); *see also Carter v. Harper*, No. 2:14- 01260, 2015 WL 3485726, at *2–3 (W.D. Pa. June 2, 2015) (analyzing *pro se* complaint on the merits despite plaintiff's failure to file a response); *Malcomb v. Beaver Cty. Pa. (Prothonotary)*, No. 2:13-1772, 2014 WL 2195410, at *1 (W.D. Pa. May 27, 2014), *aff'd sub nom. Malcomb v. Beaver Cty. Pa. (Prothonotary)*, 616 F. App'x 44 (3d Cir. 2015) (same).

## II.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead factual allegations sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "mere possibility of misconduct" is not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court must construe the complaint in the light most favorable to the plaintiff. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016) (citations omitted). However, a court need not accept as true inferences drawn by the plaintiff that are unsupported by facts. *See Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004).

Because Cadet filed his complaint *pro se*, the Court "must liberally construe his pleadings." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citation omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding that *pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers"). "Courts are to construe complaints so 'as to do substantial justice,' keeping in mind that *pro se* complaints in particular should be construed liberally." *Bush v. City of Philadelphia*,

367 F. Supp. 2d 722, 725 (E.D. Pa. 2005) (quoting *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004)).  Moreover, in a § 1983 action, the Court must "apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name."  *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)); *see also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution." (quoting *Higgins*, 293 F.3d at 688)).

### III.

As an initial matter, Defendants Leinbach, Barnhardt, Scott and Graffius must be dismissed due to a lack of personal involvement with Cadet's claim.  "In order for § 1983 liability to be appropriate, '[a] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*.'"  *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).  The plaintiff must allege personal involvement, which "can be shown through allegations of personal direction or of actual knowledge and acquiescence," and must be pled with particularity.  *Id.*  Cadet's complaint does not contain any allegations regarding these Defendants or their involvement with his claim.  He does not claim that any of them were aware of the serving of the Thursday ham slice, the ham's alleged deficiencies or his complaints regarding the ham and its effects on him.  Moreover, there is no indication that these Defendants—who Cadet believes own the jail—work there or have any contact with individual inmates or corrections officers.  Thus, the claims against them will be dismissed based on a lack of sufficient personal involvement in any alleged wrongdoing.

4

**IV.**

Although "the Constitution 'does not mandate comfortable prisons,' . . . neither does it permit inhumane ones," *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)), and "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," *id.* (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)).  At minimum, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).  The Eighth Amendment also "prohibits punishments which, although not physically barbarous, 'involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  "Among 'unnecessary and wanton' inflictions of pain are those that are 'totally without penological justification.'" *Id.* (citing *Gregg*, 428 U.S. at 183; *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).

Not all harms violate the Eighth Amendment, however.  *See Farmer*, 511 U.S. at 834. "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious, . . . [it] must result in the denial of the minimal civilized measure of life's necessities." *Id.* (internal citations omitted).  Proving that one has been deprived of the minimal civilized measures of life's necessities requires proof that one has been denied "basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety." *Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir. 1997).  Only "extreme deprivations" are sufficient to present a claim for unconstitutional conditions of confinement. *Hudson v. McMillian,* 503 U.S. 1, 8–9 (1992); *Dockery v. Beard,* 509 F. App'x 107, 112 (3d Cir. 2013) (quoting *Farmer,* 511 U.S. at 834).

Second, the "prison official must have a 'sufficiently culpable state of mind.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). "In prison-condition cases[,] that state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* "[D]eliberate indifference entails something more than mere negligence . . . it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

## A.

Cadet contends that as a result of his inability to digest the allegedly unsafe Thursday ham slice, he was deprived of an adequate diet. By specifically identifying a constitutional obligation to provide adequate food to inmates, the courts have acknowledged that the denial of food to prisoners can, on occasion, rise to the level of an Eighth Amendment violation. *Smith v. Wilson*, No. 3:13-771, 2014 WL 4626664, at *5 (M.D. Pa. June 26, 2014), *report and recommendation adopted in part*, *rejected in part*, No. 3:13-771, 2014 WL 4630713 (M.D. Pa. Sept. 15, 2014) (collecting cases). Courts have made clear, however, that the purported deprivation of a single meal is not of such magnitude as to rise to the level of a constitutional violation. *See Lindsey v. O'Connor*, 327 F. App'x 319, 321 (3d Cir. 2009) (citing *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983), for the proposition that "only a substantial deprivation of food to a prisoner sets forth a viable Eighth Amendment claim"); *see also Zanders v. Ferko*, 439 F. App'x 158, 160 (3d Cir. 2011) (denial of three meals over two days did not state a claim);

*Adderly v. Harry*, No. 3:13-1465, 2015 WL 5016501, at *3–4 (M.D. Pa. Aug. 21, 2015) (same);

*Negron v. Bickell*, No. 1:13-1568, 2014 WL 3339539, at *4 (M.D. Pa. July 8, 2014) (same).

Rather, courts have recognized potential claims where "it is alleged that prison officials

have, in a systematic way, denied a series of meals to an inmate over a span of weeks." *Smith*,

2014 WL 4626664, at *5; *see also id.* (denial of fifteen meals over a twenty-seven-day period

was sufficiently serious deprivation); *Foster v. Runnels*, 554 F.3d 807, 812–13 (9th Cir. 2009)

(denial of sixteen meals over a twenty-three-day period was sufficiently serious deprivation);

*Robles v. Coughlin*, 725 F.2d 12, 16 (2d Cir. 1983) (denial of food for twelve days, three of

which were consecutive, during a fifty-three day period was sufficiently serious); *Dearman v.

Woodson*, 429 F.2d 1288, 1290 (10th Cir. 1970) (denial of food for fifty–hour period may be

sufficiently serious).  Put differently, "[a] systematic failure to provide food in sufficient quantity

to maintain normal health violates the Eighth Amendment." *Smith*, 2014 WL 4626664, at *5;

*see also Cunningham v. Jones*, 567 F.2d 653, 660 (6th Cir. 1977) (remanding for consideration

of whether one meal per day which was provided was nutritionally adequate to maintain normal

health); *Reznickcheck v. Molyneaux*, No. 13-1857, 2014 WL 144908, at *3 (E.D. Pa. Jan. 15,

2014) ("The continued daily service of spoiled or rotten food over a period of several weeks

could rise to the level of a sufficiently serious constitutional violation, if an inmate is deprived of

nutritionally adequate food over an extended period of time.").

"Whether the deprivation of food falls below this threshold depends on the amount and

duration of the deprivation." *Talib v. Gilley*, 138 F.3d 211, 214 (5th Cir. 1998); *see also

Hammonds v. Collins*, No. 3:12-00236, 2016 WL 1592979, at *11 (M.D. Pa. Jan. 4, 2016),

*report and recommendation adopted in part*, *rejected in part*, No. 12-00236, 2016 WL 1621986

(M.D. Pa. Apr. 20, 2016) (quoting *Talib* approvingly), *appeal dismissed* (June 21, 2016);

*Negron*, 2014 WL 3339539, at *4 (same).  Taking Cadet's allegations as true, he is either unable to eat one portion of one meal per week or, if he attempts to eat the ham, unable to eat a couple of meals per week due to the physical effects it allegedly has on him.  Such a deprivation does not rise to the level of a constitutional violation.  *See Talib*, 138 F.3d at 214 n.3 (doubting that missing fifty meals in five-month period was sufficiently serious since "[m]issing a mere one out of every nine meals is hardly more than that missed by many working citizens over the same period"); *see also Jones v. Vasquez*, 232 F.3d 894, at *1 (9th Cir. 2000) (holding that an intentional deprivation of three to five meals over the course of a month was not sufficiently severe); *Hopkins v. Apadaca*, No. 10-166, 2012 WL 1999539, at *4 (W.D. Pa. May 10, 2012), *report and recommendation adopted*, No. 1:10-166, 2012 WL 1999487 (W.D. Pa. June 4, 2012) (holding that a deprivation of five meals over a two-month period, or "roughly one of every twelve meals" was not sufficiently serious); *Robinson v. Sobina*, No. 09-247, 2011 WL 6056894, at *8 (W.D. Pa. Dec. 6, 2011) (holding that the denial of food for five days was sufficiently serious).

Moreover, Cadet does not allege that he is suffering extreme weight loss or any other ailment attributable to an inadequate diet.  *Laurensau v. Pluck*, No. 12-623, 2013 WL 4779010, at *16 (W.D. Pa. Sept. 5, 2013) (finding no violation where plaintiff who was unable to eat a portion of his meal on six occasions failed to allege that he suffered any effects of a prolonged and nutritionally inadequate diet); *Brown v. Martinez*, No. 3-03-2392, 2007 WL 2225842, at *8 (M.D. Pa. July 31, 2007) (Plaintiff's allegation that he received an inadequate meal once a week because he could not eat the pork was not sufficiently serious since "[i]t is not enough for a prisoner to allege that his food portions were inadequate. There must be more in the way of evidence of deleterious impact of a prolonged deficient diet.").

In sum, the facts alleged by Cadet do not amount to an "extreme deprivation" of "the minimal civilized measure of life's necessities" or of a "single, identifiable human need." *See Hudson*, 503 U.S. at 9; *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *Rhodes*, 452 U.S. at 347. Because Cadet cannot establish "a sufficiently serious objective deprivation," *Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000), his Eighth Amendment claim must be dismissed.

## V.

To the extent that Cadet is also asserting a claim against PrimeCare and Physician Assistant Kivsah for inadequate medical care under the Eighth Amendment, he has not plead sufficient facts to show that his medical needs were serious or that the Medical Defendants were deliberately indifferent to them. *See Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). As an initial matter, Cadet's distaste for the ham and the temporary physical effects it allegedly has on him do not rise to the level of a serious medical need. In order to be considered "serious," "[t]he detainee's condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death. Moreover, the condition must be one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Tsakonas v. Cicchi*, 308 F. App'x 628, 632 (3d Cir. 2009) (quoting *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991)); *see also Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (A denial of medical treatment is serious when it results in "unnecessary and wanton infliction of pain" or "where denial or delay causes an inmate to suffer a life-long handicap or permanent loss.").

Cadet's allegations also demonstrate that the Medical Defendants were not deliberately indifferent to him.  "A prison official acts with deliberate indifference to a prisoner's medical needs only if he or she 'knows of and disregards an excessive risk to inmate health or safety.'" *Wall v. Bushman*, 639 F. App'x 92, 94 (3d Cir. 2015) (quoting *Farmer*, 511 U.S. at 837).  Cadet has not alleged any facts suggesting that he had a serious medical need or that his condition posed an excessive risk to his health or safety.  Moreover, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."  *Ascenzi v. Diaz*, 247 F. App'x 390, 391 (3d Cir. 2007) (quoting *United States ex rel. Walker v. Fayette Cty.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979)).  Cadet received medical attention; he states he was evaluated by a physician assistant after his sick call was submitted.  The physician assistant's statement that he could not do anything to help Cadet does not rise to the level of deliberate indifference.  *See Ascenzi*, 247 F. App'x at 391; *see also Bednar v. Cty. of Schuylkill*, 29 F. Supp. 2d 250, 253 (E.D. Pa. 1998) ("A disagreement between the doctor and the plaintiff as to the medical diagnosis and treatment does not constitute deliberate indifference." (citing *Boring v. Kozakiewicz*, 833 F.2d 468, 473 (3d Cir. 1987); *Douglas v. Hill*, No. 95–6497, 1996 WL 716278, *7 (E.D. Pa. Dec. 6, 1996))).

## VI.

Under Federal Rule of Civil Procedure 15(a), "courts may grant . . . amendments 'when justice so requires.'"  *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2004) (citing Fed. R. Civ. P. 15(a)).  While Rule 15 states that "leave to amend should be 'freely given,' a district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the

amendment would be futile, or (3) the amendment would prejudice the other party." *Id.*; *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Futility" means that the amended complaint would fail to state a claim upon which relief could be granted. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). The Third Circuit Court of Appeals has left the decision of whether to grant or deny leave to amend within the sound discretion of the district court. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001) (citations omitted). Here, amendment would be futile because being allegedly unable to eat a portion of one meal per week, even if eating that meal makes Cadet sick and hinders his ability to eat a very limited number of other meals, cannot constitute a sufficiently serious objective deprivation under the Eighth Amendment.

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

11